# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **YEQING BAO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 5:07-CV-288-VEH** |
| | ) | |
| **Michael Chertoff, Secretary of the** | ) | |
| **Department of Homeland Security,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## MEMORANDUM OPINION

Before the court is the defendants'[1] motion to dismiss the petition for a writ of

mandamus filed by the plaintiff, Yeqing Bao (hereinafter "Plaintiff").  For the reasons

set forth herein, the motion is due to be **GRANTED**.

## I.     FACTUAL AND PROCEDURAL HISTORY[2]

On December 24, 2002, Plaintiff filed an I-485 Application to Register

---

[1]   Defendants are Michael Chertoff, Secretary of the department of Homeland Security; Emilio T. Gonzalez, Director of the United States Citizen and Immigration Services (hereinafter "USCIS"); Robert S. Muller, Director of the Federal Bureau of Investigation (hereinafter "FBI"), and Evelyn Upchurch, Director of the USCIS Texas Service Center (hereinafter "Defendants").

[2]   As it must, the court views all facts in the light most favorable to Plaintiff.

Permanent Resident or Adjust Status with the USCIS Texas Service Center.[3]  (doc. 1, ¶ 10).   In March 2005, Defendant began processing applications received in December 2002.  (*Id*., ¶ 13).   Plaintiff thereafter contacted Defendants at various times to inquire into the status of his application.  (*Id*.).   He was informed by the USCIS that his application was still pending a security check.  (*Id*., ¶ 14).

Plaintiff filed his complaint in this court on February 13, 2007, to compel Defendants to process his application.  (*Id*., ¶ 1).   Plaintiff alleges that Defendants have "improperly handled and delayed processing" of the application to Plaintiff's detriment.[4]  (*Id*., ¶ 25).   Plaintiff alleges further that Defendants have willfully, arbitrarily, and inappropriately refused to adjudicate his petition.  (*Id*.).

Defendants filed their motion to dismiss Plaintiff's complaint on April 23, 2007, arguing that the court lacks subject matter jurisdiction and that Plaintiff has failed to state a claim upon which relief can be granted.  (doc. 5).

## II.    STANDARD OF REVIEW

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the

---

[3]  Plaintiff's wife was listed as a derivative beneficiary to the application.  (doc. 1, ¶ 2).

[4]  Specifically, Plaintiff avers that he has been unable to obtain a legal permanent residence, or travel or work without restriction while his application is pending. (*Id*.).  As a faculty member of the University of Alabama at Huntsville, he cannot apply for tenure or qualify for a research grant until his application is processed.  (*Id*.).  Plaintiff's wife is unable to seek employment until the application is adjudicated.  (*Id*.).

dismissal of an action where the court finds that it does not have subject matter jurisdiction. Rule 12(b)(6) provides for dismissal for failure of a party to state a claim for which relief can be granted. Where "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).[5]

A motion to dismiss for lack of subject matter jurisdiction should be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming,* 281 F.3d at 161. Lack of subject matter jurisdiction may be found through an examination of: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. See *Id.* Because the burden of proof on a motion to dismiss for lack of subject matter jurisdiction is on the party asserting jurisdiction, plaintiff "constantly bears the burden of proof that jurisdiction does in fact exist." See *Ramming*, 281 F.3d at 161, citing *McDaniel v. United States*, 899 F.Supp. 305, 307

---

[5] Because the court finds that dismissal for lack of subject matter jurisdiction is appropriate, it will not address the standard of review applicable to Defendants' Rule 12(b)(6) motion to dismiss.

(E.D.Tex. 1995), and *Menchaca v. Chrysler Credit Corp*, 613 F.2d 507, 511 (5th Cir. 1980).

## III.   ANALYSIS

Plaintiff asks this court to compel Defendants to adjudicate his I-485 application more quickly.[6]  Defendants respond that the court lacks jurisdiction to grant such relief.

Without deciding whether it has mandamus jurisdiction under § 1361, the court finds that it lacks jurisdiction over the subject matter of this case.  Specifically, the court finds no basis to conclude that Defendants must adjudicate Plaintiff's application within a definite period of time.[7]

_____

[6]  To be entitled to mandamus relief, Plaintiff must demonstrate (1) a clear right to the relief sought; (2) Defendants' clear, non-discretionary duty to act; and (3) no other remedy is available.  *Nyaga v. Ashcroft*, 323 F.3d 906, 911 (11th Cir. 2003), citing *Heckler v. Ringer*, 466 U.S. 602, 617, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984).

[7]  Plaintiff argues that the Administrative Procedure Act (hereinafter "APA") requires Defendants to adjudicate his application within a "reasonable time."  He cites to several cases in support of this argument, including *Galvez v. Howerton*, 503 F.Supp. 35, 39 (C.D.Cal. 1980), *Paunescu v. INS*, 76 F.Supp.2d 896, 901-02 (N.D.Ill. 1999), and *Yu v. Brown*, 36 F.Supp.2d 922, 928-32 (D.N.M. 1999).

Without deciding whether it may compel Defendants to act within a "reasonable time," the court finds that none of these cases supports Plaintiff's argument that the delay is unreasonable.  In *Galvez*, the district court held that, due to the government's "ignorance of the law" and erroneous rejections of I-485 applications, a six-month delay was unreasonable.  503 F.Supp. at 39.  In *Paunescu*, the district court exercised jurisdiction because the government had failed to act on the plaintiffs' applications.  76 F.Supp.2d at 900.  In *Yu*, the court found jurisdiction "'[w]hen an agency's recalcitrance, inertia, laggard pace or inefficiency sorely disadvantages the [plaintiff]. . . .'"  36 F.Supp.2d at 929, quoting *In re Amer. Feder. of Gov. Employees, AFL-CIO*, 790 F.2d 116, 117 (D.C.Cir.1986).

In *Grinberg v. Swacina*, 2007 WL 840109 (S.D.Fla. 2007), the court explained that

> [w]ithout any Eleventh Circuit law addressing the immigration issue presented here, this Court elects to follow the majority of courts that have dismissed similar actions for lack of subject matter jurisdiction, under the rationale that Sections 242 and 245 of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1255(a), 1252(a)(2)(B)(ii) (2006), as amended in 2005, preclude judicial review of any discretionary "decision or action" of the Attorney General in immigration matters. See *Safadi v. Howard*, 466 F.Supp.2d 696 (E.D.Va.2006); *Alkenani v. Barrows*, 356 F.Supp.2d 652 (N.D.Tex.2005); *Maldonado-Coronel v. McElroy*, 943 F.Supp. 376 (S.D.N.Y.1996); *Zheng v. INS*, 933 F.Supp. 338, 341 (S.D.N.Y.1996); *Zaytsev v. Gantner*, No. 04 Civ. 7101, 2004 WL 2251665 (S.D.N.Y. Sept. 24, 2004). These courts have held that this phrase includes the pace at which immigration decisions are made. See *Safadi*, at 698. Accordingly, they have reasoned that neither mandamus jurisdiction pursuant to 28 U.S.C. § 1361 nor the Administrative Procedure Act ("APA") in conjunction with 28 U.S.C.

---

Plaintiff does not argue that Defendants' delay is due to their ignorance of the law, errors in the adjudication process, failure to act, or recalcitrance or inefficiency. Plaintiff concedes that the Immigration and Nationality Act provides no discrete time period within which Defendants must adjudicate his application. Due to the high volume of cases similar to Plaintiff's throughout the country, the court cannot find that the length of the adjudication process is unreasonably long. While Plaintiff argues that his FBI name check alone has taken more than three years, other courts have held that such a delay is not uncommon. In *Cho v. Jarina*, No. 07-629 (E.D.La. July 10, 2007), the district court explained that

> [w]hile the court is not aware of any statistical evidence, anecdotal evidence indicates that the delay faced by plaintiff is not extraordinary in the post-September 11 environment. In addition to the sheer number of district court opinions on cases similar to these facts, other courts have noted the high number of cases filed by plaintiffs facing FBI name check delays.

*Cho*, No. 07-629, slip op. at 23 n. 26, citing *Yan v. Mueller*, 2007 WL 1521732 at * 7 n. 8 (S.D.Tex. 2007) ("The court takes judicial notice of an increasing number of cases in the Southern District of Texas which make claims concerning the delays experienced in the FBI name check process under one theory or another.").

§ 1331 confer jurisdiction to compel adjudication.  *Id*. at 700-01. This Court agrees.

2007 WL 840109 at * 1.

In *Li v. Chertoff*, 482 F.Supp.2d 1172 (S.D.Cal. 2007), the district court

explained that

> [e]ven accepting as true all of Plaintiff's factual allegations, Defendants have provided sufficient evidence to demonstrate that any delay in adjudicating Plaintiff's I-485 application is not due to agency inaction, but rather to the time required to resolve all concerns of a law enforcement or national security nature. Therefore, Plaintiff's suit simply seeks to force USCIS to complete the adjudication in a more expeditious manner. . . .  [A]s long as USCIS is making reasonable efforts to complete the adjudication, the pace required to complete that process is committed to USCIS's discretion. Therefore, this Court does not have subject matter jurisdiction to entertain Plaintiff's mandamus petition under § 1361 regarding USCIS's discretionary adjudication of Plaintiff's I-485 application at this time.

*Li*, 482 F.Supp.2d at 1178.[8]

Similar to *Li*, the court finds that, as long as Defendants are making "reasonable efforts" to adjudicate Plaintiff's application, it does not have jurisdiction to grant Plaintiff's petition for relief.

Pointing to the Declaration of Naboone Puripongs (hereinafter "Puripongs"), a supervisor with the USCIS's Texas Service Center where Plaintiff filed his

---

[8] Similar to this action, the plaintiff in *Li* had waited for her I-485 application to be adjudicated for four years before filing her complaint in federal court.  482 F.Supp.2d at 1174.

application, Defendants demonstrate that they are making reasonable efforts to

adjudicate Plaintiff's application.  (doc. 6, exh. A).  Puripongs explains that

> [t]o date, Plaintiff Yeqing Bao's application remains pending the
> completion of national security background investigations.  Once the
> required national security background investigations are completed,
> [P]laintiff's application will be adjudicated.  Because the plaintiff's case
> does not meet one of the above-mentioned expedite criteria, the agency
> is unable to request that the national security agencies expedite their
> national security background investigations.  For this reason USCIS
> cannot adjudicate [P]laintiff's I-485 application for adjustment of status
> until such time as all national security checks and background
> investigations are complete.

Puripongs Decl. at ¶ 13.[9]

The court is not inclined to grant Plaintiff the relief he requests based solely on

the passage of time, where other applicants also await adjudication, Defendants are

making reasonable efforts to reach a final decision on Plaintiff's application, and no

definitive time period has been established within which adjudication must be

complete.[10]  Consequently, the court finds that it lacks subject matter jurisdiction to

---

[9]  The "above-mentioned expedite criteria" referred to by Puripongs includes (1) military deployment, (2) age-out cases not covered by the Child Status Protection Act and applications affected by sunset provisions, (3) compelling reasons provided by the requesting office, and (4) loss of Social Security benefits or other subsistence at the discretion of the Director.  Puripongs Decl. at ¶ 12.  Plaintiff does not argue that any of these criteria applies to his application.

[10]  The court notes the district court opinion in *Yong Tang v. Chertoff*, 2007 WL 1821690 (D.Mass., 2007), in which the court granted mandamus relief to a plaintiff whose I-485 application was pending for four years, and, after making a Freedom of Information and Privacy Act ("FOIPA") request to the FBI, was told there were no records relating to him.  2007 WL 1821690 at * 1.  Similar to *Yong Tang*, Plaintiff has made a FOIPA request to the FBI, and has been informed that no records relating to him were found in the FBI's central records system.

grant Plaintiff mandamus relief.  Defendants' motion to dismiss is due to be

**GRANTED**.  A separate Order will be entered.

DONE this the 26th day of July, 2007.


**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

(doc. 13).

The court is not bound by the reasoning of *Yong Tang* or any other district court case cited by Plaintiff for the proposition that, solely due to the passage of time, the court has jurisdiction to compel Defendants to work faster.  As discussed *supra*, the court finds no basis to conclude that the delay is unreasonable.  Hence, to the extent that these cases hold that Plaintiff is entitled to mandamus relief, the court is not persuaded by them.